**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lorenzo AMAYA–REYES,
Defendant–Appellant.**

No. 05–40670.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Lorenzo Amaya–Reyes appeals his guilty-plea conviction and sentence for be-ing unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony. He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

In his plea agreement, Amaya–Reyes waived "any right to have facts that the law makes essential to the punishment either (1) charged in the indictment or (2) proven to a jury or (3) proved beyond a reasonable doubt." The Government seeks enforcement of the waiver, arguing that it precludes Amaya–Reyes's argument on appeal. We assume, *arguendo* only, that the waiver does not bar the instant appeal.

Amaya–Reyes's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Amaya–Reyes contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Amaya–Reyes properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.